### MARY M. MOON v. THE CITY OF MIDDLETOWN.

**1. DUTY OF A CITY IN KEEPING ITS STREETS OPEN AND FREE FROM NUISANCE.**

It is the duty of a city to keep its streets "open, and in repair and free from nuisance," and when in the course of a public improvement it becomes necessary to make an excavation, it is the city's duty to have the excavation guarded by a railing or suitable protection or a signal light to warn persons using the street of the danger they incur by so doing. Its failure to do so renders it guilty of negligence and a want of ordinary care.

**2. ERRONEOUS CHARGE OF COURT REGARDING THE QUESTION OF CONTRIBUTORY NEGLIGENCE.**

It is error for the court to say to the jury as a matter of law, that the mere facts that the plaintiff may have seen men at work on her sidewalk on the afternoon before the injury, and knew they were about to make an excavation for the purpose of putting in a sidewalk renders her guilty of contributory negligence and bars her recovery. Such facts in themselves are not conclusive.

**3. SPECIFICATIONS GIVEN THE CONTRACTOR BY THE CITY ARE NOT COMPETENT AS EVIDENCE.**

The specifications given to the contractor by the city, showing how the work of laying the sidewalk should be done, and the written report of the engineer, showing the excavation necessary to be made, are not competent evidence of the depth of the excavation, and should have been excluded.

ERROR to the Common Pleas Court of Butler county.

The plaintiff-in-error, Mary M. Moon, being the plaintiff in the court below, resided on Garfield avenue in the city of Middletown. The

said city in November 1894, through certain contractors, was putting in cement sidewalks on said street, making the necessary excavations therefor.

Late in the afternoon of a dark November day (November 23), an excavation for said purpose was made in the sidewalk immediately in front of the premises of plaintiff.

After nightfall of that day, the plaintiff in attempting to pass from her premises to the street fell into the excavation and was severely injured.

She brought suit against the city on the ground of negligence, claiming that said excavation was left with no light to indicate its location and unguarded by any railing or suitable protection, and asked for damages in the sum of $5,000.00.

The city answered, denying the injuries, averring that the contractor having charge of the work had placed lights on the street, and alleging negligence on the part of the plaintiff.

A trial was had, resulting in a verdict for the defendant.

*Donley & Rhonemus,* and *W. S. Harlan,* for Plaintiff in **Error.**

*Ben Harwitz,* for Defendant in Error.

SMITH, J.

We are of the opinion that the weight of the evidence in this cause is, that the defendant in error, the City of Middletown, was guilty of negligence and want of ordinary care in making the excavation in the sidewalk in front of the premises of the plaintiff, and in leaving it wholly unguarded by any railing or suitable protection, and without the necessary signal lights to warn persons using the street as they were authorized to do, of the danger they incurred by so doing: And that neither the evidence offered on the part of the plaintiff, or that introduced by the defendant, showed that the plaintiff at the time she received the injury from falling into this excavation was guilty of negligence, which contributed to her injury.

There is no controversey as to these facts, viz.: That the excavation was made by the employees of the defendant late in the afternoon of a dark November day (November 23); that the men were employed in doing this but an hour or two; that the excavation was of sufficient depth to be dangerous to persons walking along the pavement without knowledge of its existence; that the plaintiff while attempting to walk across the pavement after night-fall of that day, fell into the ditch and was severely injured; that the defendant or its agents left no railing about the excavation: And it quite clearly appears that a person coming from the house of the plaintiff, as she did, to cross the pavement in front of her lot, could not see any light or other signal to warn her of danger; and even if it be true as claimed by the defendant that a light was placed on a pile of brick, near the premises, (which is exceedingly doubtful on the evidence,) we are satisfied that this was not sufficient precaution under the circumstances of the case.

Nor was the evidence as we have said sufficient to sustain the claim of the defendant that Mrs. Moon was negligent. She testifies expressly that she had no knowledge whatever, that the men had been at work on the pavement that afternoon; that she was in the rear of her house all the afternoon ironing and was not in the front yard where she could see them at all, and that the first she knew of it, was when in the dark she

stepped from her yard onto the pavement and fell into the ditch.   There is evidence which tends strongly to confirm her statements aside from the fact that the presumption could hardly be that she would voluntarily walk into such a place if she had known of it; the only evidence tending in any degree to show that she knew that the men had been at work there, was the testimony of a witness who says he knew her by sight and that during the afternoon he saw her or a person he took to be her, come into her front yard and call her little girl; this was denied by the plaintiff, and it was testified by another witness, who was at the house of the plaintiff at the time, that it was she her elf w'o did this.

If the jury on this state of facts, found that the plaintiff was negligent, the verdict was manifestly wrong.   We hink on the facts t e trial judge should have set aside the verdict and granted a new trial: But in addition to this we think the court erred in its rulings as to the admission of evidence, and in several charges given to the jury at the request of the defendant's counsel.

The deposition of the husband of Mrs. Moon, was taken, but he died before the trial.   At the trial on the motion of t 'e defendant several questions put to the witness and the answers there o, which we think were competent, were stricken out, and proper e.ception; taken.   Mr. Moon had testified among other things that he had been at home with his wife all that afternoon, and was asked whe her he l: d a~y ~no led ~e of Mrs. Moon leaving the premises before or whether she was there all the afternoon before dark.   The husband answered that he had no such knowledge, and that she was in the back part of the house all the afternoon ironing.   The objection to the questions was that they were leading, we think they were not and that the answers were competent.   The witness was also asked to state the condition of his wife after the accid nt. He answered, ''That it was about three months of the time that she was deprived of being able to go about with her work, for if she did, she had to cripple around, and since then she has been crippled more or less of the time.''   We see no objection to this answer and it should not have been stricken out.   There are other like rulings which we do not consider it necessary to refer to.

The general charge of the court in our opinion correctly stated the law and if it had been allowed to stand the plaintiff would not have had good ground to complain of it; even of that part which states, ''That if the plaintiff by her negligence and carelessness contributed in the slightest degree to her injury, that she could not recover;'' but the counsel for the defendant asked the court to give certain specific charges, some of which were given, and the plaintiff excepted.   No. 3 as given was as follows:   ''If the jury find from the evidence that Mrs. Moon saw the men at work on her sidewalk on the afternoon of the day when the injury took place and knew that they were about to make an excavation in the sidewalk for the purpose of making the improvements, and that in the evening she fell on account of such excavation. she was guilty of contributory negligence, and not entitled to recover from the City notwithstanding that she was injured, and the jury must bring in a verdict for the defendant.''

We think that this states the law altogether too strongly against the plaintiff.   We think too that the court was not authorized to say to the jury as a matter of law, that the mere fact that the plain' ff may have seen men at work on her sidewalk that afternoon, and knew that they

were about to make an excavation in the sidewalk for the purpose of making the improvement, and she afterward fell into it, made her guilty of contributory negligence, and prevented a recovery by her. Whether under the circumstances of the case she was guilty of contributory negligence was a question for the jury to settle under appropriate instructions by the court. The facts assumed by the court if proven were proper to be considered by the jury in determining whether she was negligent and thereby contributed to her injury, but in themselves are not conclusive.

We think too that the specifications given to the contractor and the written report of the engineer which were admitted in evidence were not competent and should have been excluded.

For these reasons the judgment will be reversed and a new trial awarded.